Filed 5/26/21  P. v. Martinez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075962 |
| v. | (Super.Ct.No. RIF148701) |
| GERARDO MARTINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Gerardo Martinez appeals from an order of the Riverside County Superior Court summarily denying his Penal Code[1] section 1170.95 motion for resentencing on his murder conviction. We will affirm.

BACKGROUND[2]

It was almost midnight on July 17, 2008, when a train conductor saw David Martinez (the victim) lying across a railroad track in front of a moving train. The victim was the defendant's uncle. The train struck the victim, throwing his body some distance. Investigation revealed the victim had been killed by a gunshot to the forehead and was already dead when the train hit him.

Earlier that day, the victim had been seen with two men in a pickup truck matching the description of defendant's vehicle. When detectives went to defendant's home on July 19, 2008, they discovered the month-old tires on defendant's truck had been replaced with new tires the day after the victim's death. Although the pickup had recently been washed and vacuumed, blood was found on its tailgate as well as on its bed and bedliner. One of the areas tested positive for the victim's DNA. In the course of their search of defendant's home, detectives found a sheet of paper containing handwritten misspelled notations such as: "Do u think blood is all out of body"; "be care Ful hair dont Fall all hears body Face"; "change tire's on truck Yes"; and "Look-outs?" The prints found on the sheet of paper included defendant's palm print.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The background is taken from the opinion in defendant's prior appeal. (*People v. Martinez* (July 17, 2013, E054066) [nonpub. opn.].)

2

In April 2011, a jury convicted defendant of first degree murder in violation of section 187, subdivision (a). It did not find true the allegation that defendant proximately caused the victim's death by personally and intentionally discharging a firearm within the meaning of subdivision (d) of section 12022.53. The court sentenced defendant to a term of 25 years to life in state prison.

Defendant appealed his conviction to this court. (*People v. Martinez*, *supra*, E054066.) In response to defendant's insufficiency of the evidence claims, we found there was ample evidence to establish defendant was the victim's killer and to support the conviction for first degree murder and affirmed.

## DEFENDANT'S PETITION TO VACATE HIS CONVICTION AND TO BE RESENTENCED

In 2018, the Legislature enacted section 1170.95. (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019). That provision authorizes a person convicted of felony murder or murder under a natural and probable consequences theory to file with the sentencing court a petition to vacate the conviction and be resentenced.

In July 2020, defendant filed a petition pursuant to section 1170.95. In October 2020, the trial court granted the People's motion to dismiss the petition, finding the jury had not been given instructions on either natural and probable consequences or aiding and abetting. Defendant appealed.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth

3

statements of the case and facts. Counsel suggests three potentially arguable issues: (i) whether the trial court may properly consider the record of conviction in determining if defendant made a prima facie showing for relief under section 1170.95; (ii) whether appointment of counsel pursuant to subdivision (c) of 1170.95 changes a conclusion that the court may consider the record of conviction and the opinion issued in the appeal from the judgment in determining if a prima facie case has been established; and, (iii) whether the evidence described in this court's prior opinion and consideration of the instructions given to the jury, and taking into consideration the jury's "not true" finding as to the firearm enhancement, conclusively establish defendant as the sole and actual perpetrator of the murder so as to render harmless any error in the trial court's dismissal of defendant's section 1170.95 petition.

Counsel states this court is required to undertake a review of the entire record. When, in an indigent defendant's first appeal of right, appointed appellate counsel files an opening brief that does not present an arguable issue, it is well settled that the appellate court must offer the defendant an opportunity to submit a personal supplemental brief and to review the entire record whether or not the defendant files a brief. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

We acknowledge *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, review granted October 14, 2020, S264278, held the constitutional bases for *Wende* procedures apply only to a defendant's direct appeal from the judgment. We also recognize that we have discretion to exercise our inherent supervisory powers to apply *Wende* procedures to appeals from denials of postconviction relief in which appointed appellate counsel files a

4

no-issues brief. Accordingly, appellate courts have traditionally afforded defendants an opportunity to personally file a supplemental brief when appointed counsel has submitted a no-issues brief in a postjudgment appeal. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131 (*Scott*), review granted Mar. 17, 2021, S266853.)

Appellate courts are divided, however, with respect to whether we should exercise our discretion to conduct an independent review of the record if a defendant does not respond to an invitation to file a supplemental brief. (E.g., *Cole*, *supra*, 52 Cal.App.5th at pp. 1038-1039 [Second Dist., Div. Two, no independent review of record when no supplemental brief filed, dismissed the appeal as abandoned]; *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273-274 [Fourth Dist., Div. Three conducted independent review of record even though defendant did not file a supplemental brief].)

Recent opinions issued by this court reflect the division in approach to the situation in which defendant does not file a supplemental brief. In *Scott*, one panel concluded there is no reason to conduct an independent review of the record or to issue an opinion in such a case and dismissed the appeal as abandoned. (*Scott*, *supra*, 58 Cal.App.5th at pp. 1131-1132 (but see dis. opn. of Miller, J.); accord *People v. Figueras* (2021) 61 Cal.App.5th 108.)

In *People v. Gallo* (2020) 57 Cal.App.5th 594 (*Gallo*), another panel of this court concluded the interests of justice call for independent review of the record in postjudgment no-issue appeals even if the defendant has not filed a supplemental brief. (*Id.* at p. 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when an appointed counsel files a *Wende* brief in an appeal from a

summary denial of a section 1170.95 petition, reviewing court is not required to independently review the entire record, but the court can and should do so in the interests of justice]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [court of appeal has the discretion to review the record in the interests of justice].)

We respectfully disagree with *Scott* and find the procedure in *Gallo* provides indigent defendants an additional layer of due process while consuming comparatively little in judicial resources.

Here, we offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, and in keeping with *Gallo*, *supra*, 57 Cal.App.5th 594, we have independently reviewed the record for potential error and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:


McKINSTER
J.


MILLER
J.

6